UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON CHAGNARD | CIVIL ACTION |
| VERSUS | NO. 26-855 |
| GENERAL MOTORS LLC | SECTION "D" (3) |

**ORDER AND REASONS**

Before the Court is Plaintiff's Unopposed Motion for Leave to File Amended Complaint (R. Doc. 14). Plaintiff requests Gerry Lane Automotive, LLC be added as a defendant, consistent with the suggestion of Defendant General Motors LLC.[1] Having considered the Motion, the record, and the applicable law, the Motion (R. Doc. 14) is **GRANTED**.

Plaintiff filed the instant action on April 22, 2026, claiming redhibition, warranty, and Magnuson-Moss Warranty Act claims against General Motors.[2] Plaintiff alleges that he purchased a defective 2026 Cadillac Escalade from Gerry Lane Automotive, L.L.C. d/b/a Gerry Lane Cadillac.[3] Plaintiff states that the Cadillac maintained front-bumper damage upon delivery and that Gerry Lane thereafter made three attempts to repair the damage.[4] These attempts allegedly resulted in, successively, the bumper being painted with a metallic paint different from the Cadillac's exterior paint, then being painted with another paint also different from

[1] R. Doc. 14 at 1.
[2] R. Doc. 14-2 at 1-2.
[3] *Id.*
[4] R. Doc. 14-1 at 3, 5.

the Cadillac's exterior and a broken mounting component, and finally a front bumper that remained in need of repair.[5]

When, as here, the motion to amend a pleading is filed beyond the scheduling order's permitted date, the movant must first establish good cause under 16(b)(4).[6] *See e.g.*, *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-56 (5th Cir. 2003). Only upon a showing of good cause will the "more liberal standard of Rule 15(a) apply." *Id.*; *Jackson v. Gray*, 345 F.R.D. 597, 607 (E.D. La. Jan. 26, 2024) (quoting *Butler v. Taser Intern., Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013)). Courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Jackson*, 345 F.R.D. at 607 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)); *S&W Enters., L.L.C.*, 315 F.3d at 536.

All four factors weigh toward amendment. The instant action is the result of a telephone conference at which General Motors requested Gerry Lane be added as a defendant.[7] Considering Gerry Lane allegedly sold and repeatedly repaired the vehicle, the amendment is of clear import and without unfair prejudice. The Court accordingly considers Rule 15's more permissive standard.

---

[5] *Id.* at 5-6.

[6] "Amendments to pleadings… shall be filed no later than July 9, 2026." R. Doc. 7 at 2.

[7] R. Doc. 14-2 at 3.

Under Rule 15(a)(2), if more than 21 days have passed after service of a 12(b) motion and no scheduling order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

Relevant factors to consider under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller,* 342 F.3d at 566. Denial of leave to amend is reviewed for abuse of discretion. *Mayeaux*, 376 F.3d at 425. "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.*

(quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

Each Rule 15 factor weighs toward amendment. Trial is more than four months away, this is the Complaint's first amendment, and the current defendant concurs that the new party's addition is appropriate. Further, there is no indication that amendment would be unduly prejudicial or futile. Plaintiff discovered the basis for his amendment during a telephone conference that, although Plaintiff does not provide a date for, appears to have occurred after the amendment deadline.[8] Plaintiff then originally sought leave to amend on October 7, 2026; the undersigned does not find undue delay.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for further modification of the Scheduling Order is **DENIED WITHOUT PREJUDICE** to being re-urged before the District Court.

New Orleans, Louisiana, this 29th day of October, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

[8] R. Doc. 14-2 at 2.